MERLY ET AL., RECURRENTES, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una escritura de partición de bienes.

No. 204.—Resuelto en abril 30, 1915.

AGRUPACIÓN DE FINCAS—FINCAS POSEÍDAS EN COMÚN Y PROINDIVISO POR HEREDEROS—INSCRIPCION A FAVOR DE SUS CAUSANTES.—De acuerdo con el No. 4 del artículo 61 del Reglamento para la Ejecución de la Ley Hipotecaria, procede la agrupación para su inscripción en el registro de la propiedad de fincas adquiridas en común y proindiviso por herederos, aun cuando estén inscritas a favor de distintos causantes, pero tal agrupación no puede inscribirse sin que lo haya sido previamente el derecho de condominio en común y proindiviso a favor de los herederos.

INSCRIPCIÓN DE TÍTULOS—DEBER DEL RECURRENTE—PETICIÓN.—Cuando se trata de documento en que se consignan diversos actos o contratos sujetos a inscripción, el presentante de dicho documento debe manifestar al registrador cuales son las operaciones que interesa se verifiquen en el registro, formulando su petición en términos claros y determinados.

ID.—DEBER DEL REGISTRADOR—MOTIVOS LEGALES DE LA DENEGATORIA DE INS-
CRIPCIÓN.—Cuando el registrador entiende que se le pide la inscripción
de todos los actos sujetos a ella en el documento que se le presenta, debe
practicar o denegar la inscripción de cada uno de esos actos, exponiendo
en el segundo caso al pie del documento clara y concisamente los motivos
legales de su negativa, según lo previene la sección 1ª. de la ley de marzo
1, 1902, sobre recursos contra las resoluciones de los registradores de la
propiedad.

ANOTACIÓN PREVENTIVA—DEBER DEL REGISTRADOR CUANDO DENIEGA UNA INSCRIP-
CIÓN, ANOTACIÓN O CANCELACIÓN.—La sección 7ª. de la ley de marzo 1,
1902, impone al registrador el deber de extender anotación preventiva, que
tendrá efecto legal durante ciento veinte días desde su fecha, cuando deniega
alguna inscripción, anotación o cancelación.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: Sr. *Manuel A. Rivera.*

El registrador recurrido no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Presentada en el Registro de la Propiedad de Guayama escritura otorgada en el pueblo de Aibonito ante el Notario Don Manuel Antonio Rivera y Martínez a 16 de noviembre de 1911 por Juan Pedro, Gerardo, Jesús María, Cresencia, Petronila, María Florencia y María Luisa Merly y·Rivera, y Amparo Santini y Cuesta, los siete primeros por su propio derecho, y la octava por su propio derecho y además en representación de sus menores hijos constituidos bajo su patria potestad nombrados Francisca, Josefa, Consuelo y José Ramón Merly y Santini, teniendo esa escritura por objeto la partición de bienes de los consortes Pedro Juan Merly y Rodríguez y Petronila Rivera y Colón fallecidos respectivamente en 5 de Mayo de 1889 y enero 30 de 1900 bajo testamento mancomunado otorgado en 3 de mayo de 1889, el registrador denegó la inscripción de dicho documento por medio de nota que copiada a la letra dice así:

"Denegada la inscripción de este documento: 1º. Por no poderse hacer la agrupación que se solicita pues según el No. 4º. del artículo 61 del Reglamento de la Ley Hipotecaria, las piezas de terreno colindantes que se agrupen deben pertenecer a un mismo dueño o a varios proindiviso y en este caso tres parcelas pertenecen a Don Pedro Juan

Merly y una a Doña Petronila Rivera y Colón que la adquirió siendo viuda, y 2°., por la involucración·en ese mismo documento de varias herencias y cesiones, sin cumplirse lo dispuesto en el artículo 85 del mismo reglamento, cuyo requisito de previa inscripción también exige el artículo 20 de la Ley Hipotecaria.    Guayama, Octubre 5, 1914.    El Registrador sustituto.    (Firmado) Lcdo. Luis Capó.''

La expresada nota ha sido recurrida para ante esta Corte Suprema por Juan Pedro, Gerardo, Jesús María y Cresencia Merly y Rivera, representados por el abogado Manuel Ā. Rivera, quien interesa su revocación, y en su lugar se ordene al registrador que proceda a la inscripción de la escritura de partición que le fué presentada.

Para poder apreciar la procedencia o improcedencia de la nota recurrida, se hace necesario consignar lo que resulta de la escritura de partición acerca de la agrupación de fincas y sobre las herencias y cesiones a que puede referirse aquella nota.

De la escritura de partición de bienes resultan con relación a los extremos que dejamos apuntados, los siguientes hechos:

*Primero.* En el testamento mancomunado otorgado por los esposos Juan Merly y Rodríguez y Petronila Rivera y Colón, legaron éstos el quinto de sus bienes a su hijo Juan Pedro y dos vacas paridas y una horra a su hija Petronila, declarando por sus únicos y universales herederos a los ya citados Juan Pedro y Petronila y a sus demás hijos José María, Jesús María, Gerardo, Julián María, Leocadia, Cresencia, María Florencia, y María Luisa Merly y Rivera.

*Segundo.* José María Merly y Rivera, uno de los herederos, casado con Amparo Santini Cuesta, falleció intestado el 14 de marzo de 1901 habiendo sido declarados herederos del mismo por la Corte de Distrito de Guayama el 13 de febrero de 1911, sus hijos Francisca, Josefa, Consuelo, José Ramón y Petronila Merly y Santini, sin perjuicio de la cuota usufructuaria de la viuda, y como la Petronila había fallecido a la edad de dos años en noviembre 5, 1902, fué tam-

bién declarada por dicha orden heredera de la misma su madre Amparo Santini Cuesta.

*Tercero.* Julián María Merly y Rivera, otro heredero, también falleció intestado en 28 de diciembre de 1909, sin dejar ascendientes o descendientes, habiendo declarado la Corte de Distrito de Guayama en orden de 13 de febrero de 1911, herederos de aquél, a sus hermanos Juan Pedro, Jesús María, Leocadia, Petronila, Cresencia, María Florencia, María Luisa y Gerardo Merly y Rivera y a sus sobrinos Francisca, Josefa, Consuelo y José Ramón Merly y Santini, estos cuatro en representación de su difunto padre José María Merly y Rivera, debiendo heredar los hermanos por cabeza y los sobrinos por estirpe.

*Cuatro.* Igualmente falleció en Agosto 4, 1911, sin dejar sucesión, la heredera Leocadia Merly y Rivera, bajo testamento otorgado en 2 de agosto citado, por el que legó a su sobrina Angelita Merly, hija de Gerardo Merly, una vaca parida color indio, a su hermana Florencia Merly el condominio que tenía en la casa donde vivía con más cuatro cuerdas de terreno, y a sus hermanos María Luisa y Jesús María tres y dos cuerdas de terreno respectivamente·de los terrenos que habían de corresponderle en la herencia de sus padres. Hizo constar que una casita situada en la calle de Baldorioty del pueblo de Aibonito, la que había comprado a Domingo Ríos era de la propiedad de su hermano Jesús Merly no obstante figurar a su nombre la escritura de compra, por lo que ordenaba a su albacea traspasara dicha escritura a favor de Jesús María. En el remanente de sus bienes instituyó por sus herederos a sus hermanos Juan, Gerardo, Jesús, Petronila, Cresencia, María Florencia y María Luisa Merly.

*Quinto.* Por escritura pública otorgada en marzo 2, 1894, José María Merly hizo venta a su hermano Juan Pedro de todos los derechos y acciones que le correspondían en los bienes de su difunto padre; pero en la escritura de partición de bienes cuya inscripción ha sido denegada Juan Pedro

Merly hace constar que aunque la venta se hizo a su nombre fué realmente a favor de toda la sucesión de su difunto padre Pedro Juan Merly, de la que recibe el precio de la venta.

*Sexto.* También Gerardo Merly hizo constar en la escritura de partición que le hizo cesión y venta de los derechos que le correspondían en la herencia de su padre a la sucesión de éste, de cuya sucesión recibió el importe de la cesión y venta, haciendo constar además que privadamente con el consentimiento de todos los herederos había tomado y recibido lo que le correspondía en la herencia de su madre Petronila Rivera, sin que por tanto tuviera más derechos en la partición que los que pudieran corresponderle por herencia de los dos hermanos muertos Julián María y Leocadia Merly.

*Septimo.* En la escritura de partición Juan Merly, legatario del quinto de los bienes de su padres a virtud del testamento mancomunado de 3 de mayo de 1889 aceptó dicho legado en cuanto había sido hecho por su padre, y lo renunció en favor de los demás herederos en cuanto procedía de su madre.

*Octavo.* Figuran formando parte del cuerpo general de bienes cuatro fincas rústicas que se describen, situadas en el barrio de Cuyón del término municipal de Aibonito, inscritas todas ellas en el Registro de la Propiedad, y son las siguientes:

(*a*) Una de 50 cuerdas adquirida por escritura de 24 de abril de 1871 en la cual existen una casa de dos pisos de madera del país con techo de hierro galvanizado con un glacis de mampostería y cuatro secaderas de madera, una casa de maderas techada en parte de zinc con una máquina para descascarar café, y otra casa de maderas y techo de hierro acanalado para peones.

(*b*) Otra finca con cabida de 6 cuerdas adquirida por escritura pública de 5 de abril de 1877.

(*c*) Otra finca rústica con cabida de 35 cuerdas adquirida por escritura pública de 20 de junio de 1881.

(*d*) Otra finca rústica de 50 cuerdas que adquirió la viuda Petronila Rivera por escritura de 5 de marzo de 1894.

Dichas cuatro fincas que según se afirma son colindantes, se agrupan en una sola con cabida de 141 cuerdas, situada en el barrio de Cuyón del término municipal de Aibonito bajo las colindancias que se fijan, en cuya finca están situadas las tres casas de que ya se hizo mérito al mencionar la finca marcada con la letra *a,* siendo voluntad de los interesados que esa agrupación se hiciera constar en el registro.

*Noveno.* Figuran también en el cuerpo general de bienes otra finca rústica de 16½ cuerdas nombrada "La Bartola" situada en el barrio de Cuyón de Aibonito, adquirida por escritura de 13 de abril de 1898, no inscrita aun en el registro de la propiedad, y una casa de madera del país radicada en la calle de Pavía del pueblo de Aibonito adquirida por escritura pública de 23 de abril de 1885 inscrita en el registro de la propiedad.

El valor de los bienes inventariados que han de ser objeto de partición asciende a $6,725 que previa deducción de $322.40 adeudados al partícipe Juan Pedro Merly y Rivera quedan reducidos a un total líquido de $6,402.60 de los que corresponden a cada uno de los cónyuges $3,201.30.

La herencia paterna, deducido el legado del quinto hecho a favor de Juan Pedro Merly queda reducida a $3,041.23⅕ de los que, repartidos entre los herederos, corresponden a cada uno de los diez herederos $304.12 3/10; mientras que la herencia materna aumentada con el importe de las cesiones de la herencia paterna por los partícipes José María y Gerardo Merly, se hace subir a $3,809.54 6/10 de los que, repartidos entre nueve herederos, toda vez que el Gerardo había recibido desde hacía algún tiempo, su participación, corresponden a cada uno $423.28 2/9.

Hecha la liquidación correspondiente de lo que cada heredero tiene derecho a percibir por herencia de los difuntos Pedro Juan Merly y Petronila Rivera Colón, y por herencia de los herederos fallecidos, teniendo además en cuenta los

demás hechos necesarios para fijar la legítima de cada heredero se hicieron en la escritura de partición las adjudicaciones que habían de cubrir el cupo de los herederos, adjudicándose la finca agrupada en distintas participaciones, ya sobre los terrenos, ya sobre los establecimientos en ellos exis tentes, a Jesús María, Gerardo, Petronila, Cresencia, María Florencia, María Luisa y Juan Pedro Merly y Rivera, a los cuatro hijos menores del heredero José María Merly y Rivera, y a la viuda de éste, Amparo Santini, adjudicándose también la finca rústica denominada "La Bartola" en su totalidad al Juan Pedro y la casa ubicada en la calle de Pavía del pueblo de Aibonito a los ya citados Jesús María, Petronila, Cresencia, María Florencia, María Luisa y Juan Pedro Merly y Rivera con diversas participaciones de condominio en la misma.

En la misma escritura de partición los herederos Juan Pedro y Jesús María Merly y Rivera hacen venta a sus hermanas Petronila, Cresencia, María Florencia y María Luisa Merly de los condominios que con ellas tenían en la casa de la calle de Pavía y también Amparo Santini vende a Juan Pedro Merly y Rivera la participación que le había correspondido en la casa con máquina de descascarar café, existente en la finca agrupada.

Bajo los antecedentes expuestos traigamos a consideración la nota recurrida.

Alega la parte recurrente la procedencia de la inscripción de la finca agrupada, por pertenecer las cuatro fincas que la forman a los herederos de Pedro J. Merly y Petronila Rivera desde la muerte de éstos por título de herencia testada, y por pertenecer en su consecuencia a varios proindiviso aunque su procedencia fuera distinta.

El artículo 61 del Reglamento para la Ejecución de la Ley Hipotecaria dice así:

"Artículo 61.—Se inscribirán bajo un sólo número si los interesados lo solicitaren, considerándose como una sola finca, con arreglo al artículo 8 de la ley, y para los efectos que el mismo expresa:

"*Primero.* &ast; &ast; &ast;.
"*Segundo.* &ast; &ast; &ast;.
"*Tercero.* &ast; &ast; &ast;.

"*Cuarto.* Las piezas de tierra colindantes que pertenezcan a un mismo dueño o a varios proindiviso aunque no tengan albergue alguno ni sean de idéntica procedencia u origen, y hayan llegado al último adquirente por diversos títulos."

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

En el presente caso tres de las fincas agrupadas fueron adquiridas antes del fallecimiento de Pedro Juan Merly y la cuarta después de muerto éste, por su viuda Petronila Rivera, estando por tanto inscritas en el registro a favor de personas distintas. A la muerte de Pedro Juan Merly y de Petronila Rivera vinieron sus hijos a ser dueños en común y proindiviso de las cuatro fincas, y es indiscutible el derecho de los mismos en concepto de tales herederos a verificar su agrupación; pero ésta no puede inscribirse en el registro sin inscribirse previamente el derecho de condominio en común y proindiviso a favor de dichos herederos. Hecha esa inscripción podrán verificarse las adjudicaciones hechas sobre la finca agrupada en la escritura de partición de bienes.

Por más que los peticionarios alegan que cuando presentaron la escritura de partición de bienes al Registro de la Propiedad con los antecedentes de la misma lo hicieron para que el registrador, previo el debido estudio, practicara cuantas inscripciones creyera convenientes, no aparece que realmente pidieran la inscripción de cada una de las cuatro fincas agrupadas a favor de los herederos de Pedro Juan Merly y Petronila Rivera, sobre cuyo particular sólo se expresa en la mencionada escritura que los otorgantes de ésta querían se hiciera constar en el registro la agrupación hecha. Es un hecho que el registrador se limitó a denegar la inscripción de la agrupación y sólo nos toca resolver si la inscripción de la agrupación ha sido bien denegada. Opinamos que ha sido bien denegada por la razón de no haberse inscrito previamente en el registro el derecho de condominio sobre cada una de las fincas agrupadas en común y proindiviso a favor

de los herederos, por más ˙que no puede negarse a éstos el
derecho de acudir al registro en solicitud de esa inscripción
previa para colocarse en condiciones de obtener la inscripción
de la agrupación y la de las adjudicaciones a que esa agrupación dió lugar.˙

Habiéndose consignado en la escritura de partición además  de la agrupación otros actos sujetos a inscripción, la
parté recurrente debió manifestar al registrador cuáles eran
las operaciones que interesaba se verificaran en el registro formulando su petición en términos concretos y determinados y
no en la forma vaga en que asegura haberlo hecho como encomendando al registrador la defensa de sus derechos. *Ramis
v. El Registrador de la Propiedad de Caguas,* 19 D. P. R.,
747.

Empero si al registrador se pidió la inscripción de todos
los actos sujetos a ella en la escritura de partición de bienes
que le fué presentada y él así lo entendió, debió practicar o
denegar la inscripción de cada uno de esos actos exponiendo
en el segundo caso al pie del documento clara y concisamente
los motivos legales de su negativa, según previene la sección
1ª. de la Ley de marzo, 1902, sobre recursos contra las resoluciones de los registradores de la propiedad.

No cumplió con ese deber el Registrador de la Propiedad
de Guayama pues la involucración en el documento de varias
herencias y cesiones, según afirma en la nota, sin cumplirse
lo dispuesto en el artículo 85 del Reglamento de la Ley Hipotecaria, cuyo requisito de previa·inscripción también exige
el artículo 20 de la Ley Hipotecaria, no es una razón legal
aplicable a todas y cada una de las inscripciones que podía
exigir el documento, y buena prueba de ello es que si bien
había una finca rústica o sea "La Bartola," no inscrita a
favor de los causantes, había otras marcadas con las letras
*a, b, c, d* y la casa de la calle de Pavía en Aibonito, que estaban inscritas en el registro.  Ni siquiera se cuidó de consignar que no estando inscrita la finca agrupada y denegando

como denegaba su inscripción, no podía inscribir las parcelas de esa finca adjudicadas a distintos herederos.

El registrador propiamente sólo denegó la inscripción de la finca agrupada y en cuanto a cada una de las demás inscripciones que pudieran haberle sido pedidas nada consignó en la nota que nos lleve al conocimiento de cuáles fueron en concreto las inscripciones que denegó. Sólo podemos considerar la nota recurrida en cuanto deniega la inscripción de la agrupación de fincas.

Aun más, ni siquiera cumplió dicho funcionario con el deber que le impone la sección 7ª. de la ley de marzo 1°., 1902, expresiva de que cuando el registrador niega alguna inscripción, anotación o cancelación extenderá anotación preventiva que tendrá efecto legal durante 120 días de su fecha.

Por las razones expuestas es de confirmarse la nota recurrida en cuanto por ella se deniega la inscripción de agrupación de fincas, sin perjuicio de que la parte interesada pueda acudir nuevamente al registro con los documentos necesarios interesando la inscripción del dominio de cada una de las cuatro fincas agrupadas a favor de los herederos de Pedro Juan Merly y Petronila Rivera en común y proindiviso, como base necesaria para obtener la inscripción de la agrupación de esas mismas fincas, no habiendo lugar a dictar resolución sobre inscripción de cualquier otro acto contenido en la escritura de partición, por falta de resolución concreta y determinada del registrador recurrido.

> *Confirmada la nota recurrida, sin perjuicio de que los recurrentes puedan acudir nuevamente al registro con los documentos necesarios.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.